**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| TEXAS FARM BUREAU, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>    Defendants. | Case No. 2:25-cv-181-Z |

**CONSENT MOTION TO STAY**

Defendants the United States Department of Agriculture, Brooke Rollins, in her official capacity as Secretary of the United States Department of Agriculture, William Beam, in his official capacity as Administrator of the Farm Service Agency, Audrey J.D. Bettencourt, in her official capacity as Chief of the Natural Resources Conservation Service, and the United States of America (collectively, "Defendants"), hereby respectfully request that the Court stay this litigation—including Defendants' deadline to answer the complaint—for 60 days, until December 12, 2025. Defendants have conferred with Plaintiffs, who have consented to the relief requested herein.  As good cause for this relief, Defendants represent the following:

1.   On August 8, 2025, Plaintiffs filed a complaint bringing equal protection challenges to the "socially disadvantaged" designation in USDA's Noninsured Crop Disaster Assistance Program ("NAP"), 7 U.S.C. § 7333.  *See, e.g.*, Compl. ¶¶ 2, 21, 24-38, ECF No. 1.

2.   The U.S. Attorney for the Northern District of Texas was served a copy of the summons and complaint on August 13, 2025.  Accordingly, Defendants' response to the complaint in this action is due by October 13, 2025.  Fed. R. Civ. P. 12(a)(2).

3.  On September 5, 2025, Plaintiffs filed an amended complaint bringing equal protection challenges to the "socially disadvantaged" designation in USDA's NAP program, 7 U.S.C. § 7333, as well as its Environmental Quality Incentives Program ("EQIP"), 16 U.S.C. § 3839aa.  *See, e.g.*, Am. Compl. ¶¶ 2, 24, 27-56, ECF No. 4.

4.  USDA is currently defending a similar challenge in *Strickland v. USDA*, No. 2:24-cv-60 (N.D. Tex.), in which the plaintiffs brought equal protection claims against the "socially disadvantaged" designation in certain other USDA programs.  On February 10, 2025, the government filed a statement in *Strickland* explaining that "the Department of Justice has determined that the [USDA] programs at issue in this case are unconstitutional to the extent they include preferences based on race and sex," and moreover that "USDA has independently determined that it will no longer employ the race- and sex-based 'socially disadvantaged' designation to provide increased benefits based on race and sex in the programs at issue in this case."  Resp. to the Court's Jan. 27, 2025, Order, *Strickland*, No. 2:24-cv-60 (N.D. Tex. Feb. 10, 2025), ECF No. 52 (attached hereto as Exhibit A).

5.  On July 10, 2025, USDA published a final rule amending the regulations of multiple USDA programs to remove the use of the race- and sex-based "socially disadvantaged" designation when determining benefits under those programs.  *See Removal of Unconstitutional Preferences Based on Race and Sex in Response to Court Ruling*, 90 Fed. Reg. 30555 (July 10, 2025) ("July 10 Final Rule").  The final rule explained that USDA concluded that the "socially disadvantaged" designation "is inconsistent with constitutional principles and the administration's policy objectives." *See id.* at 30556.

6.  On September 16, 2025, USDA similarly published a notice announcing that USDA will no longer employ the race and sex-based ''socially disadvantaged'' designation to provide

increased benefits based on race and sex in the programs implemented by Notices of Funds Availability ("NOFA") that were challenged in the *Strickland* litigation. *See Agricultural Disaster Assistance Programs*, 90 Fed. Reg 44623 (Sep. 16, 2025).

7. Having now rescinded the "socially disadvantaged" designation from numerous USDA discretionary programs implemented by regulation and NOFA, USDA is considering how to implement the administration's position regarding the programs challenged in this case, including the NAP program, 7 U.S.C. § 7333, and the EQIP program, 16 U.S.C. § 3839aa-2. *See, e.g.*, Am. Compl. ¶¶ 2, 24, 27-56, ECF No. 4.

8. Accordingly, to conserve the parties' and the Court's resources, Defendants request that the Court stay all further litigation for 60 days, including Defendants' October 13, 2025, deadline to respond to the complaint. Defendants' deadline to respond to the complaint would be updated to December 12, 2025.

Dated: October 9, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director

*/s/ Natalie M. Villalon*
NATALIE M. VILLALON
D.C. Bar No. 90015127
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov

*Counsel for Defendants*

3