**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| TEXAS FARM BUREAU, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>    Defendants. | Case No. 2:25-cv-181-Z |

**JOINT STATUS REPORT**

Pursuant to this Court's December 18, 2025, Order, ECF No. 16, the parties respectfully submit the following status report.

1.     Defendants hereby notify this Court that "the Department of Justice has concluded that certain aspects of various programs administered by the United States Department of Agriculture (USDA) violate the Constitution, that the Department of Justice will no longer defend those aspects of the programs in Court and that the Department of Justice will be taking that position" in the above-captioned case.  *See* Exhibit (Letter of Hon. D. John Sauer, United States Solicitor General, to Hon. Mike Johnson, Speaker, United States House of Representatives, dated February 9, 2026) ("530D Letter").  "Specifically, the Department of Justice has determined that the programs are unconstitutional to the extent they include preferences based on race or sex." *Id.* That includes the Environmental Quality Incentives Program (EQIP), the Noninsured Crop Disaster Assistance Program (NAP), and the numerous other programs enacted under Titles 7 and 16 of the United States Code that require USDA to give preferential treatment to "socially disadvantaged" farmers or ranchers—a category defined solely in terms of race and sex.  *Id.*

2.      Defendants respectfully seek leave from the Court to treat the 530D letter as Defendants' response to the operative complaint, ECF No. 4.  *See, e.g.*, *Tennessee v. U.S. Department of Education*, No. 3:25-cv-270-KAC-DCP (E.D. Tenn.).

3.      Plaintiffs do not object to treating the 530D Letter as Defendants' response to the complaint.

4.      Anticipating the possibility that entities may seek to intervene following Defendants' publication of the 530D Letter, the parties respectfully request that the Court issue a scheduling order setting forth a reasonable deadline for entities to seek leave to intervene.  The parties request that the Court stay all deadlines, including the deadline to move for class certification under Local Rule of Civil Procedure 23.2, until the Court issues a new scheduling order.  The parties further request that the Court order a joint status report due fourteen days after the intervention deadline to allow the parties and any putative intervenors to propose a schedule for further proceedings.

Dated: February 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Natalie M. Villalon*
NATALIE M. VILLALON
D.C. Bar No. 90015127
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov

*Counsel for Defendants*

2

*/s/ Benjamin I. B. Isgur*
BENJAMIN I. B. ISGUR
  Virginia Bar No. 98812
JAMES V. F. DICKEY
  Minnesota Bar No. 393613
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA 30075
(770) 977-2131
bisgur@southeasternlegal.org
jdickey@southeasternlegal.org

MIKE BYRD
 Texas Bar No. 03561450
Michael L. Byrd & Associates
7816 Orlando Avenue
Lubbock, Texas 79423
Telephone: (806) 788-0181
Facsimile: (806) 788-0187
mbyrd@byrdfirm.com

*Counsel for Plaintiffs*