IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TEXAS FARM BUREAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | 2:25-CV-181-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' Joint Motion for Entry of Consent Order ("Motion"), filed September 23, 2026. ECF No. 35.[1] The parties seek to resolve this matter and agree to do so by the Court's entry of their proposed Consent Order. *Id.* at 2. For the reasons below, the Motion (ECF No. 35) is **GRANTED**. The court will separately enter a Consent Order materially identical to the parties' proposed Consent Order. Additionally, the parties are **ORDERED** to file a Joint Status Report regarding attorney's fees and any other collateral issues remaining in this case **on or before Tuesday, January 19, 2027 at 5:00 p.m. (CST)**.

**BACKGROUND**

The named Plaintiffs filed this action on August 8, 2025, asserting claims under the Fifth Amendment for race- and sex-based discrimination in various USDA programs. ECF Nos. 1, 4. USDA is required by statute to administer programs which provide additional benefits to "socially disadvantaged" farmers and ranchers based on race and sex. ECF No.

[1] The parties originally filed their Joint Motion for Entry of Consent Order on September 23, 2026 (the "Original Motion"). ECF No. 30. During the live hearing on the Motion, the parties identified several minor typographical errors in the Original Motion. The Court ordered the parties to file an amended Motion correcting those errors. The Original Motion (ECF No. 30) is **DENIED as moot**.

4 at 6–16; *see also Strickland v. USDA*, 736 F. Supp. 3d 469 (N.D. Tex. 2024). Plaintiffs' Amended Complaint challenges the constitutionality of "all . . . USDA programs that discriminate against farmers and ranchers based on race or sex using the 'socially disadvantaged' category." ECF No. 4 at 2.

On February 10, 2026, Defendants notified the Court that they agree the challenged programs "are unconstitutional to the extent they include preferences based on race or sex." ECF No. 17 at 1. This determination included all programs "enacted under Titles 7 and 16 of the United States Code that require USDA to give preferential treatment to 'socially disadvantaged' farmers or ranchers—a category defined solely in terms of race and sex." *Id.* The Defendants filed a letter from U.S. Solicitor General Hon. D. John Sauer (the "530D Letter") explaining the government's position that the challenged programs are unconstitutional. ECF No. 17-1. The Court granted the Defendants' request to treat this letter as their response to the Amended Complaint. ECF Nos. 22, 23.

On February 27, 2026, the named Plaintiffs filed a Motion to Certify a Class. ECF No. 18. The Defendants took no substantive position on this motion. ECF No. 20. On July 14, 2026, the Court certified a class of:

> All farmers and ranchers in the United States who are encountering, or who will encounter, race or sex discrimination from the United States Department of Agriculture (USDA) based on their exclusion from its "socially disadvantaged farmer or rancher" designation, and have been or will be denied benefits or program access on that basis.

ECF No. 27 at 14–15.

The parties now wish to resolve this matter, and have filed the instant Motion for Entry of Consent Order. ECF No. 35. The parties' proposed Consent Order stipulates that certain statutory programs under Titles 7 and 16 and their implementing regulations are unconstitutional to the extent they require USDA to give preferential treatment to "socially

disadvantaged" farmers or ranchers using race- and sex-based classifications. ECF No. 35-1 at 6–9.[2] The proposed Consent Order includes a declaratory judgment consistent with that stipulation. *Id.* at 9. It further orders Defendants to pay Plaintiffs' reasonable attorneys' fees and costs, releases Plaintiffs' claims against the Defendants, and provides that this Court shall retain jurisdiction. *Id.* at 10–12.

The Court now considers the parties' Motion for Entry of Consent Order. Because the proposed Consent Order settles class claims, the Court must analyze both (1) whether the Consent Order is appropriate; and (2) whether the standards for approving settlement of a class action are met. *See United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring) ("When presented with a proposed consent decree, the court's duty is akin, but not identical to its responsibility in approving settlements of class actions . . . ."). On November 19, 2026, the Court held a hearing on the parties' Motion. The Court now enters this Order to memorialize its findings at the hearing and present other findings necessary to resolve the Motion.

## Legal Standard

### I. Entry of a Consent Order

Parties to litigation may compromise their claims "and thus save themselves the time, expense, and inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). "If the parties agree to compose their differences by a settlement agreement, however, the only penalty for failure to abide by the agreement is another suit." *City of*

[2] Defendants "do not admit to liability under the Constitution or laws of the United States and assert that they have acted in full compliance with all applicable laws," but agree "for the purposes of this Consent Order" that the use of race- and sex-based classifications in determining USDA program benefits is "not supported by the Constitution." ECF No. 35-1 at 8.

*Miami*, 664 F.2d at 439. Thus, litigants sometimes seek to embody their compromise via a consent order entered by the court "to obtain its more ready enforceability." *Id.*[3]

A consent order, while bearing some characteristics of a contract, is an order of the court that enters it. *See City of Miami*, 664 F.2d at 439 ("A consent decree, although founded on the agreement of the parties, is a judgment."); *League of United Latin Am. Citizens v. Clements*, 999 F.2d 831, 845 (5th Cir. 1993) ("The entry of a consent decree is more than a matter of agreement among litigants. It is a judicial act." (internal marks omitted)); *see also Loc. No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 519 (1986) (discussing the dual nature of consent orders as both judicial order and contract). Thus, while a consent order "is not equivalent to a judicial decision on the merits" and "does not determine right and wrong in the initial dispute," the court "must not merely sign on the line provided by the parties." *City of Miami*, 664 F.2d at 440. "Courts must exercise equitable discretion before accepting litigants' invitation to" enter a consent order. *League of United Latin Am. Citizens*, 999 F.2d at 846.

"A consent [order] must arise from the pleaded case and further the objectives of the law upon which the complaint is based." *League of United Latin Am. Citizens*, 999 F.2d at 846. When considering a consent order, "courts are required to ascertain whether the parties' agreement represents a reasonable factual and legal determination based on the facts of the record." *Bayou Fleet*, 234 F.3d at 858. Therefore, the Court must "examine [a consent order] carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence." *City of Miami*, 664 F.2d at 441. "Courts must be especially cautious when

[3] "Consent orders" are sometimes (and perhaps more commonly) called "consent decrees" or "consent judgments." *See Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 858 (5th Cir. 2000). The Court will use the parties' chosen term: "consent order."

parties seek to achieve by consent decree what they cannot achieve by their own authority." *League of United Latin Am. Citizens*, 999 F.2d at 846. "When litigants reach a settlement that also effects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed." *Bayou Fleet*, 234 F.3d at 858.

**II. Settlement of a Class Action**

Federal Rule of Civil Procedure 23(e) governs the approval of class action settlements. "The claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23(e). When the proposal would bind class members, "the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering the following factors: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement [reached in connection with the settlement]; and (D) the proposal treats class members equitably relative to each other." *Id.* 23(e)(2).

In addition to the Rule 23(e)(2) factors, the Fifth Circuit "has set forth a six-factor test (the '*Reed* Test'), to determine the appropriateness of a proposed [class action] settlement." *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017). Those factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the

merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

## ANALYSIS

The Court begins its analysis by finding that entry of the proposed Consent Order is appropriate. It then finds that the proposed class action settlement is reasonable, fair, and adequate under the Rule 32(e)(2) factors and appropriate under the *Reed* test.

### I. Consent Order

Entry of the requested consent order is appropriate for three reasons. *First*, the Consent Order "arise[s] from the pleaded case." *League of United Latin Am. Citizens*, 999 F.2d at 846. The operative Complaint challenges the constitutionality of "all . . . USDA programs that discriminate against farmers and ranchers based on race or sex using the 'socially disadvantaged' category." ECF No. 4 at 2. The proposed consent order finds and declares, based on the parties' agreement, that those challenged programs are unconstitutional. ECF No. 35-1 at 9. The proposed consent order is therefore directly connected to the pleaded case. *Second*, "the parties' agreement represents a reasonable factual and legal determination." *Bayou Fleet*, 234 F.3d at 858. In fact, this Court previously held in *Strickland v. USDA* that the USDA's sex-and race-based preferences are likely unconstitutional. 736 F. Supp. 3d 469 (N.D. Tex. 2024). This proposed Consent Order follows directly from that opinion. *Third*, the Consent Order's impact on third parties "is neither unreasonable nor proscribed." *Bayou Fleet*, 234 F.3d at 858. Only the named Plaintiffs are barred from bringing a suit seeking further relief from these Defendants based on USDA's race- and sex-based preferences. The class members release "Defendants from liability solely for the claims for declaratory and injunctive relief set forth in the Complaint." ECF

No. 35-1 at 10–12. In other words, the Consent Order gives class members all the relief they could have sought in this case and asks them to compromise little or nothing. Because the proposed Consent Order arises from the Complaint, represents the correct legal outcome, and has minimal or no negative impact on third parties, entry of the Consent Order is appropriate.

**II. Class Action Settlement**

The settlement of this class action is also appropriate. The four factors the Court must consider under Rule 23(e)(2) favor a finding that the settlement is reasonable, fair, and adequate. *First,* the class representatives and class counsel have adequately represented the class. Through the course of this litigation the government adopted the Plaintiffs' view of the law in this case, and the settlement provides the class all the relief it could have received. *Second*, the proposal was negotiated at arm's length. Specifically, the Court finds that the parties remain adverse, despite the USDA's adoption of Plaintiff's view of the constitutionality of the challenged programs, because USDA still implements the challenged programs as required by statute. There is no evidence that the settlement was reached by collusion. *Third*, the Court finds the relief provided for the class is adequate. In fact, the settlement provides the class with all the relief it sought in the Complaint, and imposes no limit on the non-named members seeking *other* relief. ECF No. 35-1 at 10–12. In addition, settling now avoids the costs and risks of proceeding to summary judgment and a potential appeal. *Fourth*, the Court finds the proposal treats class members equitably relative to each other. Each class member is receiving the same declaratory relief.

Similarly, the Court has considered the six *Reed* factors and finds they also support approval of this class action settlement. The first factor supports the settlement because, as mentioned above, there is no indication of fraud or collusion. The Court considers the second

through fifth factors together because they are interrelated. While this case would likely not have involved much, if any, discovery, resolving it by settlement now still saves costs relative to cross motions for summary judgment. Given the Court's previous disposition in *Strickland*, Plaintiffs were likely to succeed on the merits. However, they are receiving everything in this consent judgment they could have received via summary judgment, and are giving up little if anything. Thus, factors two through five support approval of the class action settlement. Factor six also supports approval, because the Court has not heard any objections from counsel, class representatives, or absent class members.

**CONCLUSION**

For the reasons above, the Court finds that entry of the proposed Consent Order is appropriate, and the class action settlement is fair, reasonable, and adequate. Accordingly, the parties' Amended Motion (ECF No. 35) is **GRANTED**, and the original Motion (ECF No. 30) is **DENIED as moot**. The Court will separately enter a consent order materially identical to the parties' proposed Consent Order. Additionally, the parties are **ORDERED** to file a Joint Status Report regarding attorney's fees and any other collateral issues remaining in this case **on or before Tuesday, January 19, 2027 at 5:00 p.m. (CST)**. The United States District Clerk is **DIRECTED** to leave this case open pending the resolution of collateral issues.

**SO ORDERED.**

November 19, 2026.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE